United States District Court
Southern District of Texas
**ENTERED**
February 26, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ARISMIRSY RIVAS TELLEZ, § | |
| § | |
| Petitioner, § | |
| § | |
| vs. § | CIVIL ACTION NO. H-26-1199 |
| § | |
| WARDEN, Montgomery Processing § | |
| Center, *et al.*, § | |
| § | |
| Respondents. § | |

**ORDER**

The petitioner, Arismirsy Rivas Tellez, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Montgomery Processing Center. Through counsel, she has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging her continued detention. (Docket Entry No. 1). The Fifth Circuit recently held that 8 U.S.C. § 1225(b) applies to petitioners like Rivas Tellez and that the respondents may detain her without bond. *See Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026).

This court has held that petitioners like Rivas Tellez are entitled to a bond hearing because they are members of a class that was certified in a case in which a final judgment has been entered. *See, e.g.*, *Montoya Cabanas v. Bradford*, Civil Action No. 26-32, ECF No. 12 (S.D. Tex. Jan. 18, 2026); *Godoy Reyes v. Bradford*, Civil Action No. 26-541, ECF Nos. 13, 15 (S.D. Tex. Feb. 17, 2026). A district court in the Central District of California certified a nationwide class action and entered a final judgment declaring that the class members "are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)." *Maldonado Bautista v. Noem*, No. 5:25-CV01873-SSS- BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025). "The Fifth

Circuit's rejection of the petitioner's statutory argument would ordinarily bind this court. But the preclusive effect of the earlier class-action judgment requires this court to apply the petitioner's interpretation of the statute." *Godoy Reyes*, ECF No. 15 at 2.[1]

The petitioner "is entitled to the preclusive force of the declaration that 'Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2).'" *Montoya Cabanas*, ECF No. 12 at 6 (quoting *Maldonado Bautista*, 2025 WL 3678485, at *1). The respondents must provide the petitioner with a bond hearing under § 1226(a) that results in a ruling on the merits by **March 5, 2026**, or release her. The parties are to update the court on the status of the petitioner no later than **March 9, 2026**. The motion to dismiss and, in the alternative, for summary judgment (Docket Entry No. 5) is **denied** and Rivas Tellez's petition for a writ of habeas corpus is **granted in part**.[2]

SIGNED on February 26, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

---

[1] The respondents do not offer a reason to depart from the court's past rulings. They argue that class-wide relief was inappropriate and entered in excess of the class-action court's jurisdiction, that the class-action judgment is on appeal, and that preclusion does not apply in the habeas context. (Docket Entry No. 5 at 5–8). The court has already considered and rejected each of these arguments, and the respondents do not respond to the court's holdings addressing them. *See Godoy Reyes*, ECF No. 15 at 2–6; *Montoya Cabanas*, ECF No. 12 at 2–4. The respondents' new argument—that special circumstances make it unfair to apply the doctrine—is drawn from precedent on *nonmutual* issue preclusion. *See Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 391–92 (5th Cir. 1998). Those special circumstances primarily concern whether the defendant in the previous case had the opportunity or incentive to litigate vigorously the case. None of those factors, or any other factor similar to them, applies here.

[2] The petitioner seeks attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (*See* Docket Entry No. 1). The request is denied because "the EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions." *Barco v. White*, 65 F.4th 782, 785 (5th Cir. 2023) *cert. denied*, 144 S. Ct. 553 (2024).